# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust and the assets of Robert J. Andres and Robert L. Holloway,<br><br>Plaintiff,<br><br>v.<br><br>PETER and LAURIE WIDMARK, husband and wife,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:11-CV-1097 CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

This order resolves Defendants Peter and Laurie Widmark's Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. No. 9). Defendants' filing comes in response to Receiver R. Wayne Klein's Complaint to Avoid Fraudulent Transfers, for Constructive Trust and Other Provisional Remedies and for Damages. (Dkt. No. 2). After carefully reviewing the parties' filings and relevant legal authorities, Defendants' Motion to Dismiss is DENIED for the reasons set forth below.

## FACTUAL BACKGROUND

This case arises out of a lawsuit that was initiated on January 24, 2011, by the Commodities Futures Trading Commission ("CFTC") against a group of individuals and companies for an alleged Ponzi scheme. *See U.S. Commodity Futures Trading Commission v. U.S. Ventures, et al.*, Case No. 2:11-CV-99-BSJ ("CFTC Action"). CFTC alleged that U.S. Ventures, LC ("U.S. Ventures"), Winsome Investment Trust ("Winsome"), Robert J. Andres and Robert L. Holloway (collectively,

the "Receivership Defendants"), operated a fraudulent commodity investment program and defrauded investors of over $50 million. CFTC Action Compl. at p. 2 (Dkt. No. 1).

On January 25, 2011, District Judge Bruce Jenkins appointed the Receiver to handle the affairs of the Receivership Defendants. CFTC Action Order Granting Plaintiff's Ex Parte Mot. at p. 7, filed January 25, 2011 (Dkt. No. 15). The Receiver has filed a total of 86 lawsuits in this court to recover assets and resources of the Receivership Defendants as part of the overarching CFTC action. W. Klein Decl. (Dkt. No. 13, Ex. 3). On September 28, 2011, the District Court issued an Order Reappointing Receiver and on October 6, 2011 the Receiver filed a Notice of Receivership with the District of New Hampshire pursuant to 28 U.S.C. § 754. Compl. at pp. 2-3, ¶¶ 3-4 (Dkt. No. 2). Defendants were served with a summons on December 13, 2011. (Dkt. Nos. 3-4).

Defendants, New Hampshire residents, were early Winsome investors and admitted that they "signed the documents for investment in Winsome" and "received distributions from Winsome." Memo. in Supp. of Mot. to Dismiss at p. 2 (Dkt. No. 10). The government alleges that the distributions paid out to Defendants by Winsome were taken from the funds of later investors in the Winsome program as part of the alleged Ponzi scheme. *See id*. In this action, the Receiver seeks to recover a total of $291,000.00 that the Receiver alleges Defendants fraudulently received via direct payments from Winsome between February 13, 2007 and May 12, 2008. Compl. at pp. 14-16, ¶¶ 50-59 (Dkt. No. 2).

## ANALYSIS

Defendants move to dismiss the Receiver's Complaint asserting that they are not subject to personal jurisdiction in this District based on Federal Rule of Civil Procedure 12(b)(2). The

court holds that, read together, 28 U.S.C. §§ 754 and 1692 authorize nationwide service of process over Defendants and that personal jurisdiction exists over Defendants in Utah.

"Where the district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Pig Boys, Inc. v. All Star Catering LLC*, 2011 U.S. Dist. LEXIS 117063 at *4 (D. Utah Oct. 11, 2011).

Defendants argue that 28 U.S.C. §§ 754 and 1692 do not authorize nationwide service of process and personal jurisdiction does not exist over Defendants in Utah because of their lack of contacts with the forum state. Defendants state that they are New Hampshire residents who have traveled to Utah only once on a ski vacation and that but for this one visit to Utah they have no other contacts with the state. Defendants state that they were introduced to Winsome's investment program in Texas, that they met with Mr. Andres in Houston, Texas, where he explained the program, and that they signed the investment documents to invest in the Winsome program in New Hampshire and then returned them to Texas. They received their payments in New Hampshire and had no contact with Utah with respect to their Winsome program investment that gave rise to the claims at issue here. Defendants also deny any activities or contacts in or with Utah other than visiting the state once for a ski vacation. *See e.g.,* P. Widmark Decl. at pp. 2-3, ¶¶ 2-15 (Dkt. 11); L. Widmark Decl. at pp. 2-3, ¶¶ 2-15 (Dkt. 12).

The court's decision follows the precedent laid prior to today's decision of issues ruled upon by several other judges in this District. These past-decided receivership cases include *Wing v. Apex Holding Co.*, 2009 U.S. Dist. LEXIS 79175 (D. Utah Aug. 26, 2009), by Judge Dee Benson, *Klein v. Abdulbaki*, 2012 U.S. Dist. LEXIS 84806 (D. Utah June 18, 2012), and

*Klein v. Cornelius*, 2012 U.S. Dist. LEXIS 84121 (D. Utah June 15, 2012), by Judge Dale Kimball, and *Klein v. Georges*, 2012 U.S. Dist. LEXIS 165075 (D. Utah Nov. 17, 2012), by Judge David Nuffer.  In each of these cases, the court stated that 28 U.S.C. §§ 754 and 1692 when read together, authorize nationwide service of process and that the court had personal jurisdiction over the out-of-state Defendants.  This court holds in like manner today and finds that personal jurisdiction exists over Defendants in Utah.  Because these previously decided cases have provided thorough analysis on nearly identical issues to those before the court today and because the court closely follows their analyses, it will offer only a limited analysis here.

Section 754 states that federal receivers are given the authority to protect receivership "property, real, personal, or mixed, situated in different districts" as long as the receiver "file[s] copies of the complaint and such order of appointment in the district court for each district in which property is located."  28 U.S.C. § 754.  Additionally, § 1692 states that, "[i]n proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district . . . "  28 U.S.C. § 1692.

The majority of courts are united in recognizing that courts may exercise personal jurisdiction over defendants who reside in other districts as long as the Receiver timely files the notices required by 28 U.S.C. § 754 in the districts where the defendants reside.  *See e.g., Haile v. Henderson Nat'l Bank*, 657 F.2d 816 (6th Cir. 1981); *Terry v. Walker*, 369 F. Supp. 2d 818, 819 (W.D. Va. 2005).  For "claims involving federal receiver law, this court has found that when 28 U.S.C. §§ 754 and 1692 are read together, these Federal receiver statutes confer nationwide service of process for in personam as well as in rem jurisdiction."  *See Klein v. Abdulbaki*, 2012

U.S. Dist. LEXIS 84806 at *5 (quoting *Wing v. Apex Holding Co.,* 2009 U.S. Dist. LEXIS 79175 at *3 (internal quotation marks omitted).  Therefore, the court concludes that 28 U.S.C. §§ 754 and 1692 provide for nationwide service of process for personal jurisdiction when the correct procedures have been followed by the Receiver.

Here, the Receiver has met the procedural requirements of 28 U.S.C. § 754 for authorizing nationwide service of process on Defendants.  First, Defendants were personally served with a summons and complaint at their residence in New Hampshire.  Memo. in Supp. of Mot. to Dismiss at p. 3, ¶ 13 (Dkt. No. 10).  Second, the Receiver filed the Notice of Receivership with the District of New Hampshire in a timely manner on October 6, 2011, within 10 days after being reappointed as Receiver in this action on September 28, 2011.  Because service of process was effectuated as required by Rule 4(k) of the Federal Rules of Civil Procedure, as authorized by 28 U.S.C. §§ 754 and 1692, the Receiver's acts in connection with the two statutes being read together, authorized nationwide service of process over Defendants.  *See e.g.,* Complaint at pp. 2-3, ¶¶ 3-4 (Dkt. No. 2); Summons issued to Peter and Laurie Widmark on December 13, 2011 (Dkt. Nos. 3-4).

Like the cases decided before, we hold that "in a federal question case [with due federal receivership statutes involved and] where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1212 (10th Cir. 2000)  (internal citations and quotation marks omitted).  The Fifth Amendment protects parties in an action "against the burdens of litigation in an unduly inconvenient forum." *Id.* (internal citations and quotation marks omitted).  To establish that jurisdiction does not comport with

Fifth Amendment due process principles, "a defendant must first demonstrate that his liberty interests actually have been infringed.  The burden is on the defendant to show that the exercise of jurisdiction will make litigation so gravely difficult and inconvenient that he unfairly is at a severe disadvantage in comparison to his opponent."  *Id.* (internal citations and quotation marks omitted).

It has been recognized by the Tenth Circuit that this only occurs in "highly unusual cases" where the inconvenience rises to a level of constitutional concern.  *Id.*  "Certainly, in this age of instant communication and modern transportation, the burdens of litigating in a distant forum have lessened."  *Id.* at 1213 (internal citations and quotation marks omitted).  The court holds that under the broad standard set forth above, Defendants cannot show that their liberty interests have been infringed by finding them subject to personal jurisdiction in Utah.  The court also finds that this matter does not fit into the category of highly unusual cases where the inconvenience of litigating in a distant forum gives rise to constitutional concern.  Requiring the New Hampshire-resident Defendants to litigate this case in Utah does not put them at an unfair disadvantage.

Thus, contrary to Defendants' argument, 28 U.S.C. §§ 754 and 1692 do indeed authorize nationwide service of process over the Defendants and, in line with the strongly sufficient precedent of this District, personal jurisdiction exists over Defendants in Utah.  Thus, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is defeated.

## **CONCLUSION**

The court finds that it has personal jurisdiction over Defendants in Utah.  The interplay of 28 U.S.C. §§ 754 and 1692 authorized nationwide service of process upon Defendants and, in

accordance with the sufficiently strong precedent of prior cases in this District, the court finds that personal jurisdiction exists over Defendants in this forum.  Other judges in this court, District Judges Dale Kimball (two cases) and David Nuffer (one case), have already decided three very similar issues within the last year, all with orders to deny other defendants' motions to dismiss in this same CFTC receivership action involving Receiver R. Wayne Klein.  *See e.g., Klein v. Abdulbaki*; *Klein v. Georges*; *Klein v. Cornelius*.  This court declines to part ways with these decisions as today's dispute concerns nearly identical issues.

Therefore, the court finds that personal jurisdiction exists over Defendants in this matter in Utah and Defendants' Motion to Dismiss Receiver R. Wayne Klein's Complaint against them for lack of personal jurisdiction is DENIED.  (Dkt. No. 9).

DATED this 13th day of June, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge